JUSTICE HUNT
dissenting.
I dissent. Once again the majority uses the club of the “drug crisis” *69 to crack the shield of the Bill of Rights. Montana’s Drug Tax Act clearly violates a constitutional right against double jeopardy through the use of multiple punishments.
As the United States Supreme Court stated in Halper, the labels of “criminal” and “civil” are not of “paramount importance.” United States v. Halper (1989), 490 U.S. 438, 447, 109 S. Ct. 1892, 1901, 104 L. Ed. 2d 487, 501. To determine whether a civil penalty amounts to a criminal penalty “requires a particular assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve.” Halper, 490 U.S. at 448.
In Halper, the United States Supreme Court held that:
[UJnder the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not be fairly characterized as remedial, hut only as a deterrent or retribution.
Halper, 490 U.S. at 448-49. Both Williams and Sorensen were previously convicted and punished before the DOR assessed the tax. Clearly, the facts of this case fit the mandate of Halper because the Montana Drug Tax is a civil sanction which violates double jeopardy by serving the goals of punishment rather than the remedial purpose of compensating the government for its loss.
Not only does the tax serve the goals of punishment, it fails to bear any rational relationship to the goal of restoring to the State its losses incurred when enforcing its drug laws, particularly when considering the excessive criminal fines imposed by § 45-9-101 through -127, MCA. In addition, the DOR failed to provide any evidence which would establish the societal cost of prosecuting these cases. Indeed, the majority bestows upon the DOR an unfettered license to impose an arbitrary, unequal, and unfair tax.
Although there is evidence that the legislature intended to create a civil penalty, the purpose and effect of the statute is still punishment and deterrence. The Montana Drug Tax Act has previously been litigated in the federal system. As United States Bankruptcy Court Judge for the District of Montana, John L. Peterson, ruled:
The punitive nature of the tax is evident here, because drug tax laws have historically been regarded as penal in nature, the Montana Act promotes the traditional aims of punishment — retribution and deterrence, the tax applies to behavior which is already a crime, the tax allows for sanctions by restraint of Debtors’ property, the tax requires a finding of illegal possession *70 of dangerous drugs and therefore a finding of scienter, the tax will promote elimination of illegal drug possession, and the tax appears excessive in relation to the alternate purpose assigned, especially in the absence of any record developed by the State as to societal costs. Finally, the tax follows arrest for possession of illegal drugs and the tax report is made by law enforcement officers, not the taxpayer, who may or may not sign the report. All these aspects of the Drug Tax Act lead to the inescapable conclusion that it has deterrence and punishment as its purpose.
Drummond, Trustee et al. v. Department of Revenue (1990), 8 MBR 288. The Federal District Court affirmed the holding and reasoning of Judge Peterson. In re Kurth Ranch (D. Mont. April 23, 1991), No. CV-90-084-GF.
The majority attempts to hide behind the veil of facts of these cases to justify that the tax imposed is reasonable and not excessive. In Judge Peterson’s case, the DOR attempted to impose a tax assessment in excess of $800,000 on the bankrupt estate of the Kurths. The DOR levied a tax on drugs that were not even defined in the statute. Nor did the DOR provide any rational explanation regarding how it determined the value of the drugs seized. Judge Peterson correctly found that tax to be so grossly disproportionate as to transform it into a criminal penalty. He recognized quite clearly, as did State District Court Judge John S. Henson in Sorensen, State District Court Judge Jeffrey D. Sherlock, in Williams, and Federal District Court Judge Paul G. Hatfield, in affirming Judge Peterson, that a criminal penalty by any other name is still a criminal penalty.
For these reasons I would hold that the Montana Drug Tax Act is unconstitutional on its face and would affirm the lower court’s decision.
JUSTICE TRIEWEILER concurs in the foregoing dissent of JUSTICE HUNT.